UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKIL ASIM BEY, <br><br> Plaintiff, <br><br> v. <br><br> PASSAIC MUNICIPAL COURT, PROSECUTOR JOHN ZUNIC, JUDGE KAREN BROWN, and JUDGE XAVIER RODRIGUEZ, <br><br> Defendants. | Civil Action No. 13-2653 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

      This matter comes before the Court on the application of pro se Plaintiff Akil Asim Bey ("Plaintiff" or "Bey") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed. The statute provides as follows:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal –
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

## I. Factual Background

This case arises out of a criminal proceeding in the Passaic Municipal Court against Bey. According to the Complaint, Bey has appeared before the Passaic Municipal Court several times, beginning on October 10, 2012, the date of his arraignment, but has consistently contested that court's subject matter jurisdiction. The Complaint does not make clear what criminal charges Bey is facing in the municipal court action. The various individual defendants named as parties by Plaintiff have been involved in the municipal court proceedings against Bey. As recently as March 14, 2013, Bey continued to challenge the authority of the Passaic Municipal Court and refused to submit to its jurisdiction. It appears that on or about that date, Judge Xavier Rodriguez informed Bey that any applications he had made to terminate proceedings for lack of subject matter jurisdiction were denied and stated that the case against Bey was moving forward to trial.

Plaintiff submitted his Complaint for filing with the federal court on or about April 25, 2013. He seeks an order from this Court entering a "Writ of Prohibition and or Mandamus" that would enjoin the Passaic Municipal Court and its officers from proceeding against Plaintiff. The

Complaint alleges that the Passaic Municipal Court lacks jurisdiction to proceed against Bey because it is a "foreign state" which enjoys the benefit of 11th Amendment immunity and, as such, according to Bey, also lacks the authority to initiate lawsuits against others. While the Complaint numbers 24 single-spaced pages, the following allegation summarizes the basis of Plaintiff's plea for injunctive relief:

> If the State or municipal government can claim immunity under the 11th Amendment, <u>then the State or municipal government cannot use Law or Equity jurisdiction</u> against the Petitioner in Court, being one of the people and not subject to a "foreign state" under Title 28 USC, Judicial Procedure, §§ 1602-1610. The States are made up of "State Citizens," and under the 11th Amendment, "State Citizens" cannot be sued by a "foreign state."

(Compl. at ¶ 9) (emphasis in original).

## II. Discussion

The relief sought by Plaintiff implicates the limits on a federal court's authority to interfere in state criminal proceedings. In <u>Younger v. Harris</u>, the Supreme Court of the United States held that, absent extraordinary circumstances, a district court must abstain from enjoining state criminal proceedings. <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971); <u>see also</u> <u>Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey</u>, 973 F.2d 169, 173 (3d Cir. 1992) (holding that in <u>Younger</u>, "the Supreme Court held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."). "The <u>Younger</u> doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in

3

state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415,423 (1979).

The Third Circuit has held that the Younger abstention doctrine bars a federal court from interfering in a state court action when the following three requirements are present:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.

Port Auth. Police Benevolent Ass'n, 973 F.2d at 173 (quoting Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). When these requirements are satisfied, a federal court may invoke the Younger doctrine, unless there is a showing of "bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

The Younger abstention doctrine bars this Court from entertaining Plaintiff's action to enjoin the Passaic Municipal Court and its officers from proceeding with the criminal action pending against him. The state action is ongoing, implicates important state interests as it seeks to enforce the criminal laws of the state of New Jersey and affords Bey an adequate opportunity to raise his claims that 11th Amendment immunity deprives Defendants of the authority to prosecute alleged violations of state criminal law. Moreover, there is no indication that Bey has been or will be subjected in the Passaic Municipal Court proceedings to bad faith prosecution or harassment. Indeed, Bey does not provide any information in the Complaint regarding the nature of the charges, the wrongdoing of which he is accused, or the conduct of the judges and prosecutor. Certainly, the information he provides falls far short of forming a sufficient basis for this Court to conclude that, absent interference with the state proceedings, Bey will suffer a "great and immediate irreparable injury."

Additionally, given the dearth of factual allegations in the Complaint, the Court must dismiss the Complaint pursuant to 28 U.S.C. § 1915(e )(2)(B)(ii)for the additional reason that it fails to meet the pleading standard of Federal Rule of Civil Procedure 8(a). The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As best the Court can construe, Plaintiff may be trying to assert a federal claim under 42 U.S.C. § 1983, which provides a cause of action against state actors for certain violations of an individual's constitutional rights. To prosecute an action pursuant to § 1983, a plaintiff must plead that (1) defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff states, in a conclusory manner, that the Passaic Municipal Court lacks jurisdiction to prosecute him, but he gives no factual basis whatsoever for this assertion. While

5

Bey claims that the criminal action against him violates the 11th Amendment (or perhaps some other constitutional protection),[1] such a bare-bones legal conclusion will not suffice to state a plausible claim. Id. at 678-79.

### III. Conclusion

In short, this Court cannot afford Plaintiff the relief he seeks. While Bey claims that the municipal court action against him violates the Constitution of the United States and must therefore be enjoined, this Court must exercise its discretion to abstain from exercising jurisdiction over this action, as counseled by the Younger doctrine. Additionally, the Complaint lacks sufficient facts to state a plausible claim. An appropriate order dismissing this action will be filed.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: May 9, 2013

---

[1] The Court notes that as Plaintiff is pro se, it reads his Complaint liberally. Contrary to Plaintiff's understanding of the rights and protections afforded by the 11th Amendment, the law is well-settled that the amendment bars a federal action for damages against a state and against state officials sued in their official capacity, unless that immunity is abrogated by congressional action or waived by the state. Kentucky v. Graham, 473 U.S. 159, 169 (1985); MCI Telecommunication Corp. v. Bell Atlantic Penn., 271 F.3d 491, 503 (3d Cir. 2001). It does not deprive the state or state officials of the authority to enforce the state's criminal laws. Perhaps Plaintiff is complaining that some other constitutional protection is being infringed in the course of the municipal court action, but there are no facts in the Complaint that would even suggest what that deprivation might be.